**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2194-18T3

ROSALYND SMITH,

    Plaintiff-Appellant,

v.

PATERSON BOARD
OF EDUCATION and
VIRGINIA GALIZIA,

    Defendants-Respondents.

_____

Submitted May 26, 2020 – Decided July 22, 2020

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1742-15.

Rosalynd Smith, appellant pro se.

Schenck, Price, Smith & King, LLP, attorneys for respondent (John D. McCarthy, of counsel and on the brief).

PER CURIAM

Plaintiff Rosalynd Smith was employed as a non-tenured teacher with defendant Paterson Board of Education (the Board) for the 2012-2013 school year. She was supervised by defendant Virginia Galizia, the Alexander Hamilton Academy Principal. Following the Board's decision not to renew her non-tenured teaching contract for the 2013-2014 school year, Smith filed a Law Division complaint alleging violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, and other causes of action.

As a result of settlement discussions on the cusp of trial, the trial judge was advised by the parties' counsel that a settlement agreement was reached. Smith, however, claimed she did not agree to the settlement. The judge subsequently granted the Board's motion to enforce the settlement. Eighteen months later, Smith moved to vacate the order enforcing the settlement. A different judge denied the motion. For the reasons that follow, we reject Smith's appeal of that order.

I

The parties and their counsel reported for trial of Smith's claims on May 15, 2017. In an effort to resolve the matter, the trial judge engaged the parties in settlement negotiations, which included the judge having separate in chamber

2                                                    A-2194-18T3

conferences with Board counsel, and with Smith and her counsel, Gina Mendola Longarzo. After a few hours of negotiations, Board counsel advised the judge a settlement had been reached subject to the Board's approval at its meeting on May 17. According to the settlement terms, the Board could resolve the matter by paying Smith $45,000 without her return to employment, or in the alternative, pay her $10,000 and return her to employment. The settlement terms were not placed on the record.

On the morning of May 18, Board counsel advised Mendola Longarzo the Board agreed to the settlement option of $45,000. Thus, as the judge had directed on May 15, Smith and Board counsel personally appeared before the judge that afternoon with Mendola Longarzo appearing by telephone because of a scheduling conflict. Board counsel informed the judge the Board agreed to settle the matter by paying Smith $45,000. Smith, however, stated she did not agree to settling her complaint. After the judge conferenced with Smith and Mendola Longarzo in chambers, the proceedings resumed on the record with the judge stating Mendola Longarzo was allowed to withdraw as counsel and the Board should file a motion to enforce the settlement agreement given Smith's position that an agreement was not reached.

The Board promptly complied with the judge's directive by moving to enforce the settlement agreement, which Smith, representing herself, opposed. At the May 23 hearing on the Board's motion, Mendola Longarzo, who was subpoenaed by the Board, testified Smith agreed to the settlement terms on May 15 subject to the Board's action at its meeting two nights later to accept one of the two settlement options. The judge was informed the Board agreed to the option to pay Smith $45,000 and not have her return to work. At the conclusion of the hearing, the judge placed her decision on the record granting the Board's motion based on her determination the parties reached a binding settlement agreement. The judge confirmed her decision in an order entered that day. Smith did not appeal the order.

A month later, Board counsel mailed Smith a written settlement agreement and release for her execution. Smith responded by email two weeks later stating she would not sign the documents.

On August 10, to satisfy its payment obligation to Smith, the Board filed a motion to deposit the $45,000 settlement payment with the court. On September 1, the judge granted the motion.[1]

---

[1] For reasons that are not revealed in the record, it took until January 26, 2018 for the Board to deposit the settlement funds with the court.

A-2194-18T3

On November 18, 2018, some eighteen months after the May 23, 2017 order enforcing the settlement agreement, Smith filed a motion to vacate the order under Rule 4:21A, essentially attacking Mendola Longarzo's representation in claiming she did not agree to the alleged settlement terms. The Board opposed. Neither party requested oral argument.

On December 10, 2018, a different judge entered an order denying Smith's motion and directing her to sign a release so the $45,000 settlement funds could be turned over to her. In his statement of reasons accompanying the order, the judge noted the motion was denied because Smith failed to file a timely motion to reconsider the May 23, 2017 order under Rule 1:7-4(b) within twenty days of the order; failed to file with this court a timely appeal of the May 23, 2017 order under Rule 2:4-1 within forty-five days; and failed to file with the trial court a timely motion to vacate an order under Rule 4:50-2 (mistakenly cited as Rule 4:5-2). Putting aside these procedural deficiencies, the judge addressed the merits of Smith's contentions. The judge determined "in reviewing the settlement conferences and agreement . . . occurring in May 2017," Smith "was fully and duly represented by" Mendola Longarzo, who was authorized to settle her claims for $45,000, which the Board accepted.

Before us, Smith argues:

POINT I

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO VACATE SETTLEMENT AGREEMENT, BECAUSE THE SETTLEMENT WAS ASCERTAINED THROUGH UNETHICAL PRACTICES AND BREACHING OF CLIENT ATTORNEY MORALS.

POINT II

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO VACATE SETTLEMENT AGREEMENT, BECAUSE PLAINTIFF SHOULD BE ALLOWED TO FREELY EXPRESS ONE'S OWN WISHES AND DESIRE TO NOT ACCEPT PROPOSED SETTLEMENT. AN OPPORTUNITY TO PRESENT ALL FACTS/ARGUMENTS BEFORE A JURY DURING A TRIAL PROCEEDING SHOULD BE ONE'S CHOICE.

POINT III

THE SETTLEMENT AGREEMENT WAS FALSLY SOLIC[I]TED AND ABOLISHED PLAINTIFF'S RIGHTS TO REFUSE ALTHOUGH PLAINTIFF CLEARLY STATED THAT SHE WAS NOT WILLING TO ACCEPT SUCH A MINUSCULE AMOUNT.

POINT IV

EVEN IF PLAINTIFF'S DESIRE TO MOVE FORWARD WITH A TRIAL APPEARED TO BE A FLUKE, THIS COURT SHOULD ADOPT THE "EQUAL AND FREE RIGHTS OPPORTUNITY" DOCTRINE SO PLAINTIFF CAN BE

6

COMPENSATED FOR HER LOSSES ONCE TRIAL
HAS BEEN CONDUCTED AND CONCLUDED.
(Not raised below)

## II

We first address the procedural grounds upon which the judge denied Smith's motion to vacate the May 23, 2017 order. Given Smith's improper citation of the Rule 4:21A, which addresses settlements reached through court-mandated arbitration, the judge considered the motion under Rule 4:50-2 and found it untimely.

Rule 4:50-1(a)-(e) authorizes a court to relieve a party from a final judgment or order for reasons such as: mistake or inadvertence; certain newly discovered evidence; fraud; the judgment or order is void; or the judgment or order has been satisfied. Subsection (f) of Rule 4:50-1 provides a catch-all provision authorizing a court to relieve a party from a judgment or order for "any other reason justifying relief from the operation of the judgment or order." The essence of subsection (f) is to achieve equity and justice in exceptional situations that cannot be easily categorized. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (citing Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)).

A-2194-18T3

Rule 4:50-2 requires a motion for relief under Rule 4:50-1 to be filed within a "reasonable time." However, where the relief sought is based on reasons set forth in Rule 4:50-1(a) ("mistake, inadvertence, surprise, or excusable neglect"), (b) ("newly discovered evidence") or (c) ("fraud"), the motion must be filed within one year of entry of the judgment. Ibid.

We review a court's determination of a Rule 4:50-1 motion under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). There is "an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Applying these principles, we conclude the judge did not abuse his discretion in denying Smith's motion. The judge properly ruled Smith's motion to vacate the May 23, 2017 order was untimely because it was made eighteen months after it was entered. Although it is not clear if Smith's motion fits the criteria under Rule 4:50-1(a), which must be filed within a one-year time limit, her motion is still untimely even under the reasonable time limits of Rule 4:50-2. Smith has not presented any reason to conclude otherwise. In fact, neither

her motion to vacate nor her appellate brief explain why it took her so long to file the motion to vacate.

Like the judge, we also address the merits of Smith's appeal. Our state has a strong public policy in favor of settlements. Brundage v. Estate of Carambio, 195 N.J. 575, 601, (2008). Essentially, a settlement agreement is a contract. See Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (citing Pascarella v. Bruck, 190 N.J. Super. 118, 124 (App. Div. 1983). "As a general rule, courts should enforce contracts as the parties intended." Pacifico v. Pacifico, 190 N.J. 258, 266 (2007) (citations omitted). "[P]arties may orally, by informal memorandum, or by both agree upon all the essential terms of a contract and effectively bind themselves thereon, if that is their intention, even though they contemplate the execution later of a formal document to memorialize their undertaking." Comerata v. Chaumont, Inc., 52 N.J. Super. 299, 305 (App. Div. 1958). It is well settled that "[a] contract arises from offer and acceptance, and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (quoting Borough of W. Caldwell v. Borough of Caldwell, 26 N.J. 9, 24-25 (1958)). If the parties agree on the essential terms and agree to be bound by those terms, they have created an enforceable contract.

<u>Ibid.</u>   Nevertheless, "a demonstration of 'fraud or other compelling circumstances,'" can invalidate a settlement agreement.  <u>Pascarella v. Bruck</u>, 190 N.J. Super. 118, 125 (App. Div. 1983) (quoting <u>Honeywell v. Bubb</u>, 130 N.J. Super. 130, 136 (App. Div. 1974)).

We find no fault with the December 10, 2018 order denying Smith's motion to vacate the May 23, 2017 order enforcing the settlement agreement between her and the Board.  The first judge, faced with disputed material facts as to whether a settlement was reached, conducted a hearing.  <u>See</u> <u>Eaton v. Grau</u>, 368 N.J. Super. 215, 222 (App. Div. 2004) (holding a plenary hearing should be held on a motion to enforce a settlement agreement "where the evidence shows the existence of a genuine issue of material fact") (citation omitted).  She determined the parties – through their counsel – had agreed the Board could settle Smith's claims by deciding at its May 17 meeting to pay her $45,000 or to pay her $10,000 and reinstate her.  Since the Board approved the $45,000 payment option, the agreement was held to be consummated.  In reviewing the record, the second judge properly decided not to disturb the May 23 order because there was credible evidence to support enforcement of  the settlement agreement.  <u>See</u> <u>Griepenburg v. Twp. of Ocean</u>, 220 N.J. 239, 254 (2015) (recognizing appellate review "give[s] deference to the trial [judge] that heard

10

the witnesses, sifted the competing evidence, and made reasoned conclusions") (citing <u>Rova Farms Resort, Inc. v. Inv'rs Ins. Co.</u>, 65 N.J. 474, 483-84 (1974)).

Having carefully considered Smith's arguments, we find they have no merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2194-18T3